Donai-iue, J.
The principal questions presented by the pleadings and the agreed statement of facts in this action have been fully; considered and discussed.in the case of The State, ex rel., v. Edmondson, 89 Ohio St., 93, in which; case it was held that the act of April 8, 1913 (103 O. L., 155-158), providing for a levy and to create a fund for the purposes provided in the act passed May 31, *349 1911 (102 O. L., 333-349), is a valid and constitutional exercise of the authority of the general assembly of this state to levy taxes for state purposes, and that it is not within the power of the budget commissioners of the county to increase, diminish or in any manner change the sum or sums levied by law for such purposes, and, therefore, further discussion of these questions is unnecessary.
While perhaps some of the sections of this act ttiay have been subject to the referendum provisions of'Section lc of Article II of the Constitution, yet- Section Id of Article II expressly exempts laws providing for tax levies from the operation of the preceding provision of the Constitution. There-fore section 1 of this act, providing for a tax levy of one-half of one mill on all taxable property . within the state, went into immediate operation when approved and signed by the governor, , : >,
■ The contention of counsel that an act containing some sections subject to the referendum will take .effect only as a whole after the expiration of ninety days from the date it is filed in the office'of the secrer tary of state, is not sustained by the provisions of Section lc of'Article II of the Constitution. .That section of the constitution expressly authorizes a referendum upon any section of a law or any 'item of a-'law appropriating money. It follows,, that, such'sections of a law as are not subject to the referendum will go into immediate effect notwithstanding other sections or other items may be sub*ject td the delay incident to a referendum or the right1,to petition therefor. However that may be, the question is no longer of any importance.in this *350 cáse, for no referendum was in fact had upon any section of the law. The law in its entirety was in full force and effect before the auditor had placed the tax levy for state or local purposes upon the tax -lists of the county. It is, therefore, of no importánce whether or not the certificate of this tax was prematurely issued by the auditor of state to the various county aúditors. The fact remains that it was in the possession of the county auditor before that official had in fact completed his tax lists, and before the law required him to complete the same, for it is impossible for the county auditor to make or complete his tax lists before the report of the budget commissioners is filed in his office.
■ The placing of this levy on the tax duplicate is a mere ministerial duty. In the discharge of this duty the county auditor has no discretion. If he did not perform this official duty within the time the law directed him to do it, he must do it now. That this will give rise to confusion and impose additional labor upon the auditor in reforming his tax lists and upon the county treasurer in.collection of the same is unfortunate, but it does not repeal the law, defeat the levy or destroy the lien of the tax upon the property subject thereto. The same conditions would have arisen had he failed to place any other levy for state or local purposes upon the tax lists within the time and manner provided by law, and yet the state or any political division of the state cannot be permitted to become bankrupt merely because of the default of a ministerial officer in the perfortftance of a plain duty specifically imposed upon hirn by law.
*351 It is further insisted on behalf of respondent that by reason of the provisions of Section 5671, General Code, this tax cannot be legally levied for the year 1913, because that section provides that “The lien of the state for taxes levied for all purposes, in each year, shall attach to. all real property subject to such taxes on the day preceding the second Monday of April, annually.” This same objection would apply with equal force to all tax levies for state and local purposes made after the date preceding the second Monday of April of each year. The fact is that practically all levies, especially those for local purposes, are made after this date. Section 5627, General Code, directs the county commissioners at their March or June session to determine the amount to be raised by taxes. Section 5646, General Code, directs the township trustees to determine on or before the 15th day of May annually the amount of taxes necessary for all township purposes, and Section 5649-3a, General Code, directs that on or before the first Monday in June of each year the county commissioners of each county, the council of each municipal corporation, the trustees of each township, each board of education and all other boards or officers authorized to levy taxes within a county, except taxes for state purposes, shall submit or cause to be submitted to the county auditor an annual budget, and under the provisions of Section 5649-3&j as amended February 16, 1914, the budget commissioners are not required to complete their work until-the third Monday of Atigust. While Section 5671, General Code, fixes the date in *352 each year that the lien of the state for taxes shall attach, yet it by no means follows that this ¡requires'that the tax levy shall be made on or-before'that date. In fact all the legislation upon that, subject is in direct conflict with such construction: ■ On the contrary, it is clear that the amount-of taxes is to be determined subsequently, and ¡the .assess-:, ment then relates back’ to the., date at' which' the taxes became a lien. This question is fully- discussed and the correct conclusion ■ reached >in the case of Loomis, Trustee, v. Von Phul et al., 2 N. P., N. S., 423.
Peremptory zvrit fallowed. • i"
Nichols, C. J., Johnson, Wanamaker., Newman and Wilkin, JJ., concur.